UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PN II, INC. dba PULTE HOMES, | Case No. 2:20-cv-01383-ART-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | |
| Defendant. | |

Defendant National Fire & Marine Insurance Company moves to reopen discovery to depose Justice Mark Cherry and Jill Clair. ECF No. 185. Plaintiff PN II ("Pulte") and Third-Party Defendant Contractors Insurance Company of North America ("CICNA") each oppose this request. ECF Nos. 193 and 194. Because National Fire was not diligent in seeking to depose each witness, it fails to establish good cause for reopening discovery. The Court therefore denies National Fire's Motion.

**I.      BACKGROUND**

This is a bad faith insurance case stemming from a state lawsuit in which Pulte sued its subcontractor, Executive Plastering, which was insured by National Fire and CICNA. *See generally* ECF No. 1. Discovery closed two-and-a-half years ago on November 9, 2022. ECF No. 53. Before the close of discovery, National Fire moved to extend the discovery deadline to depose various witnesses. ECF No. 59. Though the discovery deadline remained, the parties engaged in post-discovery depositions, which included deposing Christina Kamaka and Tim Walsh. *See* ECF Nos. 86, 115-16, and 115-19. On January 9, 2023, the Court instructed the parties that if the post-discovery depositions gave rise to any follow-up discovery, the parties must meet and confer and then file an appropriate request for relief, if necessary. ECF No. 86. Neither party filed any motions in response to the Court's directive.

Two months later, the parties each moved for summary judgment. ECF Nos. 94, 97, 100,

and 102. In March 2024, the Court granted Pulte's motion in part and denied the remaining motions. ECF No. 131.

While the Court has yet to set a trial date, the parties stipulated to submit their joint pretrial order 30 days after the Court's ruling on Pulte's Motion to Dismiss. ECF No. 157. The parties have also filed other various pretrial motions that currently remain pending. *See, e.g.*, ECF Nos. 158, 160, 162, 163, and 185.

On March 24, 2025, National Fire moved to reopen discovery to depose two witnesses: (1) Justice Mark Cherry, whom Pulte disclosed in October 2024 (and later withdrew); and (2) Jill Clair, whom National Fire disclosed in November 2024. ECF No. 185. Both Pulte and CICNA opposed. ECF Nos. 193 and 194.

## II. ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." Federal Rule of Civil Procedure 6(b) and Local Rule 26-3 additionally provide that a request for extension made after the expiration of the specified period shall not be granted unless the party demonstrates excusable neglect.

The Ninth Circuit explained the meaning of "good cause" under Rule 16(b) in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992):

> Federal Rule of Civil Procedure 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension". . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

(internal citations omitted). Where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Johnson*, 975 F.2d at 609).[1]

---

[1] The Ninth Circuit has at times stated the factors for consideration somewhat differently with

2

### A. Justice Cherry

National Fire first seeks to depose Justice Mark Cherry, who served as the court-appointed receiver for Executive Plastering and approved the underlying settlement agreements in the state lawsuit. ECF No. 185 at 10. Though National Fire acknowledges that it has been aware of Justice Cherry for years, it claims that his relevance to the parties' claims and defenses changed when Pulte disclosed him as a witness in October 2024. *Id.* According to National Fire, prior to this disclosure revealing that Pulte viewed Justice Cherry as a key witness to rebut allegations of collusion, Pulte never indicated that it intended to rely on him. *Id.* at 10, 15. National Fire thus reasons that it wants to learn what prompted Pulte's "epiphany" through deposing Justice Cherry. ECF No. 198 at 5.

Pulte responds that it disclosed Justice Cherry out of an abundance of caution but has since withdrawn him from its Rule 26(a) disclosures. ECF No. 193 at 4. It notes that National Fire's counsel communicated with Justice Cherry as early as December 18, 2019, and at the latest, Pulte disclosed the order appointing Justice Cherry as a receiver in the state case on December 18, 2020. *Id.* Thus, Pulte contends, National Fire has not been diligent in seeking to depose Justice Cherry because it has known about him for years yet failed to act until now. *Id.* While Pulte emphasizes that it will not rely on Justice Cherry's testimony, it argues that the since-withdrawn disclosure did not tell National Fire anything new about him: yes, he might have discoverable information, but National Fire has known this all along. *Id.* at 8.

The Court agrees with Pulte that National Fire has not shown good cause for reopening discovery to depose Justice Cherry. Despite knowing about Justice Cherry since the inception of

---

respect to reopening discovery, including "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d. 1060, 1066 (9th Cir. 2017). Not all the factors carry equal weight, however, and the Ninth Circuit has made clear repeatedly that a lack of diligence can be a critical deficiency. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (affirming denial of motion to reopen discovery based on lack of diligence); *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 765 (9th Cir. 2017) (concluding that lack of diligence is "on its own" sufficient to deny request to reopen case management deadline).

3

this case, National Fire waited until years after discovery closed, summary judgment concluded, and the case was gearing up for trial to pursue his deposition. While National Fire claims that Pulte's disclosure fundamentally changed Justice Cherry's relation to the case, Pulte has since withdrawn him from its disclosures and submits that it will *not* rely on him as a witness. Regardless, as Pulte points out, National Fire for years has known—separate and apart from Pulte's since-withdrawn disclosure—that Justice Cherry might have discoverable information. National Fire's decision to wait to seek his deposition until now therefore was not diligent.

### B.  Ms. Clair

Next, National Fire asks to depose Jill Clair, a former executive who held a leadership role with both Pulte and CICNA. ECF No. 185 at 11. National Fire states that it disclosed Ms. Clair after revisiting its witness list in response to Pulte's disclosure of Justice Cherry. *Id.* at 7; ECF No. 198 at 5. National Fire contends that after discovery closed, it learned through the depositions of Christina Kamaka and Tim Walsh that the supposed "wall" between Ms. Clair's roles at Pulte and CICNA did not actually exist. ECF No. 185 at 9. While National Fire admits to seeing Ms. Clair's name on documents throughout discovery, it asserts that nothing else during the discovery period gave it reason to believe that Ms. Clair might have material information in support of its own collusion claim. *Id.* at 10. Rather, National Fire submits, it was not until after the close of discovery that her relevance to its collusion claim became apparent. *Id.*

Pulte counters that Ms. Clair's name appeared on documents produced by National Fire itself as early as December 18, 2020. ECF No. 193 at 5. It argues that even accepting National Fire's contention that it learned of Ms. Clair's true role in post-discovery depositions, such depositions occurred over two years ago on November 9, 2022 (Kamaka) and December 16, 2022 (Walsh). *Id.* Pulte argues that the Court's January 9, 2023 Order—which directed the parties to seek relief regarding any follow-up discovery from the post-discovery depositions—provided National Fire an opportunity to reopen discovery, which it failed to seek until now. *Id.* at 3. It also points to National Fire's argument that Ms. Clair's role evidenced collusion, which it made in opposing summary judgment, as further support that National Fire was not diligent. *Id.*

at 5.

In addition to echoing Pulte's arguments regarding the timing of the depositions and National Fire's assertions during summary judgment, CICNA contends that National Fire's attempt to tie Ms. Clair's disclosure to Justice Cherry's disclosure does not constitute good cause. ECF No. 194 at 14. According to CICNA, National Fire fails to explain how Pulte's disclosure of Justice Cherry suddenly made Ms. Clair relevant when her relevance should have been apparent since the post-discovery depositions years ago. *Id.*

Like Justice Cherry, the Court finds that National Fire was not diligent in seeking to depose Ms. Clair. As both Pulte and CICNA recognize, the depositions during which National Fire supposedly realized that Ms. Clair's roles lacked separation happened over two years ago, shortly after discovery closed. And despite the Court providing National Fire with an express opportunity to seek follow-up discovery at that time, it waited until years later—as the case approaches trial—to do so. Regardless of the timing of National Fire's realization, Ms. Clair was featured throughout discovery and National Fire advanced the same arguments about her role during summary judgment. Though National Fire fails to articulate how Ms. Clair relates to the disclosure of Justice Cherry, to the extent that she was needed to "rebut" him, Pulte no longer seeks to use Justice Cherry as a witness.[2] Thus, National Fire fails to demonstrate good cause.

\*   \*   \*

National Fire was not diligent in pursuing the depositions of Justice Cherry and Ms. Clair. Thus, the Court's inquiry ends. *Coleman*, 232 F.3d at 1295. Because National Fire fails to show good cause, the Court denies its Motion to Reopen Discovery.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that National Fire's Motion to Reopen Discovery (ECF No. 185) is **DENIED**.

---

[2] The parties made various arguments concerning the propriety of Justice Cherry's withdrawal and Ms. Clair's disclosure. However, for purposes of this Order, the Court solely evaluates whether National Fire has shown good cause to reopen discovery. To the extent that the parties seek additional relief regarding the withdrawal or disclosure, the parties must file an appropriate motion.

**IT IS FURTHER ORDERED** that the Motion Hearing presently scheduled for June 6, 2025 is **VACATED**.

DATED this 14th day of May 2025.

                                            BRENDA WEKSLER
                                            UNITED STATES MAGISTRATE JUDGE

6