UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PN II, INC. dba PULTE HOMES and/or DEL WEBB,<br><br>        Plaintiff,<br>v.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:20-cv-01383-ART-BNW<br><br>ORDER ON PLAINTIFF'S AMENDED MOTION TO VOLUNTARILY DISMISS (ECF No. 160) |
| NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>        Counter-Claimant,<br>v.<br><br>PN II, INC. dba PULTE HOMES and/or DEL WEBB,<br><br>        Counter-Defendant. | |
| NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>        Third-Party Plaintiff,<br>v.<br><br>PN II, INC. dba PULTE HOMES and/or DEL WEBB; CONTRACTORS INSURANCE COMPANY OF NORTH AMERICA, INC.,<br><br>        Third-Party Defendants. | |

Before the Court is Plaintiff PN II, Inc., dba Pulte Homes ("Pulte's") amended motion to voluntarily dismiss its second and fourth claims for relief. (ECF No. 160.) For the reasons stated, the Court grants Plaintiff's motion.

**I.    Background**

The parties are familiar with the factual circumstances of this case, and the Court will thus not recite them here in full. The Court previously denied Defendant's motion for summary judgment, and for interlocutory appeal of that

1

1  order, making this case ready for trial. (ECF Nos. 131, 152.) Plaintiff has four
2  claims pending against Defendant National Fire: (1) Breach of Contract – Duty to
3  Defend, (2) Breach of Contract – Duty to Indemnify, (3) Tortious Breach of the
4  Duty of Good Faith and Fair Dealing, and (4), Violation of Nevada's Unfair Claims
5  Settlement Practices Act. Plaintiff subsequently filed a motion to voluntarily
6  dismiss all but Claim 1 (ECF No. 148.) Plaintiff then filed an amended motion to
7  voluntarily dismiss only Claims 2 and 4. (ECF No. 160.) One week later, Plaintiff
8  filed a motion in limine seeking to exclude evidence regarding Defendant's duty
9  to indemnify. (ECF No. 163.) Defendant filed an opposition to Plaintiff's motion
10 for voluntarily dismissal, and Plaintiff filed a reply. (ECF Nos. 170, 175.)
11 Defendant then filed a motion to file a surreply to Plaintiff's reply, with an
12 attached proposed surreply. (ECF No.179.)

## II.    Motion for Leave to File Sur-Reply

As a preliminary matter, the Court grants Defendant's motion for leave to file a sur-reply. Defendant's motion sought leave to file a surreply to (1) "correct the record" regarding several misstatements allegedly made in Plaintiff's reply, and (2), to address a new position taken by Plaintiff in its reply. (ECF No. 179 at 1, 2.) The Court takes no position on the alleged misstatements but finds that a surreply is warranted here due to Plaintiff's assertion that it will limit the theories it pursues at trial regarding its bad faith claim, which was brought for the first time in its reply brief. *See Paxson v. Live Nation Ent., Inc.*, No. 2:24-CV-00907-APG-EJY, 2025 WL 894634, at *12 (D. Nev. Mar. 21, 2025) (if a reply brief raises new issues, a court may grant opposing party opportunity to respond to them); *Morgan Stanley Smith Barney LLC v. Takahashi*, No. 2:24-CV-02127-CDS-MDC, 2025 WL 35134, at *4 (D. Nev. Jan. 6, 2025) (granting leave to file surreply where new issue was raised in reply brief).

//
//

2

### III. Motion to Voluntarily Dismiss

#### A. Legal Standard

Plaintiff filed its motion under Federal Rule of Civil Procedure 41(a)(2), which governs voluntary dismissal of actions. In its reply, Defendant argues that a motion to voluntarily dismiss some but not all claims in an action is properly brought under Federal Rule of Civil Procedure 15(a), not Rule 41(a)(2). Indeed, the Ninth Circuit has held that "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint," and agreed that Rule 15(a) was the proper mechanism for dismissal of some, but not all, claims. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688 (9th Cir. 2005) (extending this analysis to Rule 41(a)(2)).

Some federal courts, when faced with a Rule 41 motion to dismiss some but not all claims in an action, have construed the motion as a motion to amend under Rule 15. *Childress v. City of E. St. Louis, Ill.*, No. 10-CV-254-WDS, 2010 WL 5289261, at *2-3 (S.D. Ill. Dec. 20, 2010) (considering improper Rule 41 motion as motion under Rule 15); *Loma Linda Kidney Center v. Azar*, No. 15-CV-01717, 2018 WL 993000, at *4 (D.D.C. Feb. 21, 2018), *aff'd sub nom. Loma Linda Univ. Kidney Ctr. v. Azar*, 755 F. App'x 7 (D.C. Cir. 2018) (same); *LaserCycle USA, Inc. v. Balcourt*, No. 11-CV-01995-PAB-CBS, 2011 WL 5331675, at *1-2 (D. Colo. Nov. 3, 2011) (same); *but see Nor'Wester Indus., Inc. v. Vacation Structures, Inc.*, No. C08-5150RJB, 2008 WL 1968311, at *2 (W.D. Wash. Apr. 30, 2008) (denying improper motion under Rule 41).

The Court will construe Plaintiff's motion as a motion to amend under Rule 15(a) and analyze it under the applicable standard.[1] Under Rule 15(a)(2),

---

[1] The Ninth Circuit has found little distinction between dismissal of a claim under Rule 15(a) and Rule 41(a)(2): "The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a

applicable here, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citations omitted). A trial court may deny a motion to amend where there would be prejudice to the opposing party, an undue delay in litigation, or it would be futile; Prejudice is the most important factor. *Id.*

### B. Analysis

As an initial matter, Defendant does not oppose dismissal of Claim 4. The Court therefore grants Plaintiff's motion as to Claim 4 and will permit amendment to dismiss that claim with prejudice.

As to Claim 2, Defendant argues that dismissal of that claim will result in prejudice. Defendant notes that Plaintiff has filed a motion in limine which argues that if dismissal of Claim 2 is granted, the issue of whether Defendant had a duty to indemnify Executive Plastering ("EP") will be moot. Defendant disagrees, arguing that Plaintiff's bad-faith claim (Claim 3) incorporates the issue of whether Defendant had a duty to indemnify. Because Plaintiff's motion for voluntary dismissal seems aimed at excluding evidence regarding indemnification and coverage, Defendant argues, to the extent that granting Plaintiff's motion would have that effect, Defendant will suffer prejudice. Defendant suggests that if the Court is inclined to grant Plaintiff's motion as to Claim 2, dismissal should be with the condition that its "right to present evidence of what its policies did (and did not) insure is fully preserved," and that "the jury will be instructed to evaluate the scope of any indemnity obligation by National Fire before it makes any

---

substantive, distinction." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (quoting *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000)).

4

findings on Pulte's bad-faith claims." (ECF No. 170 at 22.) Plaintiff, in reply, argues that these conditions would amount to premature evidentiary rulings by the Court.

The Court finds that Defendant has not shown prejudice as a result of dismissal of Claim 2 alone. Rather, Defendant's argument is premised upon an evidentiary ruling that the Court has yet to make. Defendant has argued only that it would be prejudiced in defending against the bad faith claim if it cannot "address the scope of its indemnity obligations . . . and why its coverage position was reasonable." (ECF No. 170 at 18.) But dismissal of Claim 2 does not mean that the Court will grant Plaintiff's motion in limine seeking to exclude evidence regarding indemnification. If, as Defendant asserts, the issue of indemnification is relevant to other claims or counterclaims, the Court will—as is always the case—admit relevant admissible evidence on this issue at trial. A dismissal of Claim 2 is not an evidentiary ruling that evidence regarding indemnification is inadmissible. Thus, the Court finds that Defendant has failed to show prejudice resulting from dismissal of Claim 2. Plaintiff's motion, construed as a motion for leave to amend to dismiss Claim 2 with prejudice, is granted.

The Court takes no position on Plaintiff's motion in limine to exclude evidence regarding the duty to indemnify. This motion will be addressed in a separate order.

**IV. Conclusion**

It is therefore ordered that Plaintiff's amended motion to voluntarily dismiss Claim 2 and 4, construed as a motion to amend (ECF No. 160) is GRANTED.

It is further ordered Plaintiff's Claims for Breach of Contract – Duty to Indemnify and Violation of Nevada's Unfair Claims Settlement Practices Act are hereby DISMISSED WITH PREJUDICE.

It is further ordered that Plaintiff's motion to voluntarily dismiss (ECF No.

148) is DENIED AS MOOT.

It is further ordered that Defendant's motion for leave to file a surreply (ECF No. 179) is GRANTED.

Dated this 29th day of May, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE