UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PN II, INC. dba PULTE HOMES and/or
DEL WEBB,

                    Plaintiff,

      v.

NATIONAL FIRE & MARINE
INSURANCE COMPANY; and DOES 1
through 100, inclusive,

                  Defendants.

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

               Counter-Claimant,

      v.

PN II, INC. dba PULTE HOMES
and/or DEL WEBB,

              Counter-Defendant.

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

           Third-Party Plaintiff,

      v.

PN II, INC. dba PULTE HOMES
and/or DEL WEBB; CONTRACTORS
INSURANCE COMPANY OF NORTH
AMERICA, INC.,

          Third-Party Defendants.

Case No. 2:20-cv-01383-ART-BNW

ORDER ON MOTIONS IN LIMINE
(ECF Nos. 162, 163, 180)

Before the Court are the parties' respective motions in limine: Third-Party Defendant Contractor's Insurance Company of North America's ("CICNA's") motion to exclude evidence and argument regarding contribution (ECF No. 162), and Plaintiff/Counter-Defendant PN II, Inc. dba Pulte Homes' ("Pulte's") motion to exclude evidence and argument regarding Defendant National Fire's duty to indemnify (ECF No. 163). Also before the Court is National Fire's motion for leave to file a sur-reply to CICNA's motion (ECF No. 180). For the reasons stated, the Court denies CICNA's motion in limine, grants in part and denies in part Pulte's

1

1 | motion in limine, and grants National Fire's motion for leave to file a sur-reply.

2 | **I.    National Fire's Motion to File a Sur-Reply (ECF No. 180)**

As a preliminary matter, the Court grants National Fire's motion for leave to file a sur-reply. National Fire's motion sought leave to file a sur-reply to (1) "correct the record" regarding several misstatements allegedly made in CICNA's reply, and (2), to address a new position taken by CICNA in its reply. (ECF No. 180.)

The Court finds that a sur-reply is warranted here because CICNA, in its reply brief, suggested that the Court consider *sua sponte* summary judgment. *See Paxson v. Live Nation Ent., Inc.*, No. 2:24-CV-00907-APG-EJY, 2025 WL 894634, at *12 (D. Nev. Mar. 21, 2025) (if a reply brief raises new issues, a court may grant opposing party opportunity to respond to them); *Morgan Stanley Smith Barney LLC v. Takahashi*, No. 2:24-CV-02127-CDS-MDC, 2025 WL 35134, at *4 (D. Nev. Jan. 6, 2025) (granting leave to file sur-reply where new issue was raised in reply brief).

The Court notes that this is not the first time that National Fire has sought leave to file a sur-reply in this action. The Court recently granted its motion to do so in response to Pulte's motion for voluntary dismissal. (ECF No. 202.) While the Court grants National Fire's motion here due to the unusual circumstances of the briefing, it reminds all three parties to this action that sur-replies are highly disfavored, and that arguments made for the first time in reply briefs may be disregarded by the Court. The Court is unlikely to grant further motions for leave to file a sur-reply in this case absent highly unusual circumstances.

24 | **II.    National Fire's Contribution Claim**

CICNA's motion in limine seeks to exclude evidence and argument regarding National Fire's contribution claim against it. CICNA's motion argues that Pulte's remaining claims against National Fire—(1) breach of the duty to defend and (2) breach of the implied covenant of good faith and fair dealing—

1   would give rise only to consequential damages against National Fire.
2   Contribution, CICNA explains, cannot be sought where an insurer is found to
3   have breached its duties because liability for breaches is not shared by other non-
4   breaching insurers who did not take on such a risk. Thus, CICNA argues National
5   Fire's contribution claim against it fails regardless of the outcome of trial, making
6   evidence regarding the contribution claim irrelevant.

7       National Fire responds that CICNA's motion in limine improperly seeks
8   summary judgment on National Fire's contribution claim. The Court agrees that
9   CICNA's motion seeks an order stating that as a matter of law, National Fire's
10  claim for contribution—which remains in the operative complaint—fails. The
11  Court issued an order stating that whether these claims fail as a matter of law is
12  an issue that should be resolved before trial, but that National Fire had not had
13  adequate opportunity to defend against *sua sponte* summary judgment. (ECF No.
14  203.) Thus, the Court ordered National Fire to show cause why summary
15  judgment on its contribution claim should not be entered *sua sponte* by the Court
16  based on CICNA's motion in limine. (*Id.*) National Fire responded. (ECF No. 204.)
17  The Court now considers (1) *sua sponte* summary judgment on National Fire's
18  contribution claim, and (2) CICNA's motion in limine to exclude evidence
19  regarding that claim.

20      **A. *Sua Sponte* Summary Judgment**

21      Under Federal Rule of Civil Procedure 26(f)(a), a court may, "[a]fter giving
22  notice and a reasonable time to respond . . . grant summary judgment for a
23  nonmovant." The Ninth Circuit has "long recognized that, where the party moving
24  for summary judgment has had a full and fair opportunity to prove its case, but
25  has not succeeded in doing so, a court may enter summary judgment *sua sponte*
26  for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014);
27  *see also Gospel Missions of Am. V. City of Los Angeles*, 328 F.3d 548, 553 (9th
28  Cir. 2003).

### 1. Legal Standard for Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Here, because the party seeking summary judgment is Plaintiff, who bears the ultimate burden of proof at trial, it must establish "beyond controversy every essential element" of its claim. *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003); *see also Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, 238 F. Supp. 3d 1257, 1266 (D. Nev. 2017) (moving party with the burden of proof at trial "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial").

Once the moving party satisfies Rule 56's requirements, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits

or admissible discovery material, to show that the dispute exists[.]" *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). However, where a moving party fails to meet their initial burden, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-1103 (9th Cir. 2000).

### 2. Analysis

#### a. Contribution/Reimbursement of $267.685.21 Payment

The Court finds that summary judgment is not appropriate on National Fire's claim for contribution towards its $267.685.21 payment to Pulte. First, the Court agrees with National Fire that there is, at minimum, a genuine dispute as to whether National Fire's $267.685.21 was an indemnity payment or payment for consequential damages. CICNA argues that the payment was consequential damages resulting from National Fire's breach of its duty to defend. In support of this argument, CICNA cites to various statements made by National Fire, such as that the payment was a "business decision," and that it was to be "credited against [its] ultimate obligations" to Pulte. (ECF Nos. 114 at 36, 9 at 60.) CICNA also cites to a briefing in which National Fire stated "National Fire wrote Pulte a check for $267,685.21 in partial satisfaction of the judgment." (ECF No. 204 at 2.)

Equitable contribution claims permit a cause of action by an insurer against coinsurers "when it has undertaken the defense or indemnification of the common insured." *N. Am. Specialty Ins. Co. v. Nat'l Fire & Marine Ins. Co.*, No. 2:10-CV-01859-GMN, 2013 WL 1332205, at *2 (D. Nev. Apr. 2, 2013) (quoting *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 77 Cal. Rptr. 2d 296, 303 (Cal. Ct. App. 1998)); *see also Riverport Ins. Co. v. State Farm Fire & Cas. Co.*, No. 2:18-CV-00330-GMN-NJK, 2019 WL 4601511, at *8 (D. Nev. Sept. 20, 2019). CICNA cites to California case law for the proposition that an insurer may not seek

contribution for consequential damages resulting from its own breaches of its duties, as these damages are not defense or indemnification of a common insured. *See United Servs. Auto. Ass'n v. Alaska Ins. Co.*, 114 Cal. Rptr. 2d 449, 454 (Cal. Ct. App. 2001) (insurer could not seek contribution for payments it made in settlement of breach of contract and bad faith claims).

There are two problems with CICNA's argument. First, while the Court's order on summary judgment found that the judgment in the Eave Soffits Litigation constitutes damages to Executive Plastering proximately caused by National Fire's failure to defend, this is not the same as finding that the $267.685.21 *payment* constitutes payment for consequential damages. (*See* ECF No. 131 at 16.) As National Fire points out, the payment was made before there had been any determination that National Fire indeed had breached its duty to defend, and National Fire made no such concession in making the payment. Second, National Fire has presented evidence tending to show that the payment was an indemnity payment. Along with the payment, National Fire provided a letter stating that "National Fire is paying an amount which it believes exceeds any potential exposure under its policy with regard to the Judgment," and maintained its position that it had no duty to defend as its insurance was excess to CICNA's policy. (ECF No. 9 at 58-60.)

If National Fire's payment was an indemnity payment, National Fire is not barred from seeking contribution under the theory that CICNA was primary and it was excess. The Court's prior order denied summary judgment due to factual disputes concerning primary/excess coverage. (ECF No. 131 at 23.) Because there is evidence which supports both sides' theories, there is a genuine dispute of fact as to whether this payment was for indemnification or consequential damages. As such, summary judgment on National Fire's contribution claim is not appropriate.

CICNA also argues that National Fire cannot proceed with its contribution

claim because the remedy of contribution is only available to co-insurers and National Fire has offered no evidence that it and CICNA were coinsurers. "Where multiple insurance carriers insure the same insured and cover the same risk, each insurer has independent standing to assert a cause of action against its coinsurers for equitable contribution when it has undertaken the defense or indemnification of the common insured." *N. Am. Specialty Ins. Co.,* 2013 WL 1332205, at *2 (quoting *Fireman's Fund*, 77 Cal. Rptr. 2d at 303.) CICNA argues that National Fire's position that its own insurance was excess and noncontributory defeats its claim because contribution only arises when two insurers *share* equal obligation to pay the loss. National Fire's argument is, in effect, that it had no obligation to pay the loss and that CICNA in fact was obligated to pay it entirely.

Fairly construed, National Fire's complaint seeks adjudication of its coverage obligation, if any, and reimbursement for any overpayment. Specifically, National Fire seeks declaratory relief in the form of a "judicial determination of the rights and duties under [National Fire's] and CICNA's policies with respect to the Eve Soffits Claims." (ECF No. 9 at 36.) National Fire then seeks "Contribution/Reimbursement" for the $267,685.21 payment based on its allegation that CICNA's coverage was primary and its coverage was excess, therefore it didn't have an obligation to pay. (*Id.* at 39.) It seems that National Fire's claim seeks contribution/reimbursement for amounts it paid towards claims alleges it provided no coverage for. This is not the same as seeking equitable contribution, which CICNA correctly identifies as being applicable where two insurers both provide coverage for the same claim.

Several courts in California have made it clear that insurers do not need to cover the same risk in order to seek reimbursement, and that this is referred to as "subrogation" rather than "contribution":

> "[W]here different insurance carriers cover different risks and liabilities with respect to the same insured, they may proceed against each other for reimbursement by subrogation rather than by contribution.... [C]ontribution is only available in cases where there are coinsurers who share the same level of obligation on the same risk. One insurer has no right of contribution from another insurer with respect to its payment on an obligation for which it was primarily responsible, and as to which the liability of the second insurer was only secondary."

*Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 123 Cal. Rptr. 2d 256, 276 (2002) (citing *Fireman's Fund*, 77 Cal. Rptr. 2d at 307); *see also Reliance Nat. Indem. Co. v. Gen. Star Indem.* 85 Cal. Rptr. 2d 627, 636 (1999). In addition, the Nevada Supreme Court's decision in *Ardmore Leasing Corp. v. State Farm Mut. Auto. Ins. Co.* seems to permit a claim for "contribution and/or indemnity" where one insurer paid the insured but argued that another provided primary coverage and its own policy provided no coverage. 796 P.2d 232 (Nev. 1990).

The Court is not clear on why both parties have been so focused on case law regarding equitable contribution in their briefing. While equitable contribution may be relevant if it is determined that both National Fire and CICNA did cover the same risk, it is not the correct analysis for National Fire's claim that it is owed reimbursement because its policy was not primary. It is, however, clear based on the case law cited above that National Fire is not barred from seeking some form of reimbursement under the theory that it paid towards a claim that CICNA was in fact the primary insurer for. And, as stated in the Court's summary judgment order, there are factual issues as to coverage: "[s]ince the issue of whether any damage occurred after [] CICNA's policy went into effect could impact the liability of each insurer, summary judgment is inappropriate." (ECF No. 131 at 23.)

Because National Fire is not precluded from pursing reimbursement on this theory, and there are factual issues as to (1) whether the payment was indemnity or consequential damages and (2) National Fire's and CICNA's

respective coverage, the Court denies summary judgment on National Fire's contribution claim related to the $267,685.21 payment.

### b. Contribution Related to Collusion

The Court finds that summary judgment is appropriate on National Fire's contribution claim tied to its claim/affirmative defense of collusion. CICNA argues that if National Fire is found liable for breach of the duty to defend and breach of the implied covenant of good faith and fair dealing for failure to settle, the damages it will be liable for will be in the form of consequential damages, for which it cannot seek contribution. *See United Servs.*, 114 Cal. Rptr. at 449. Thus, National Fire is barred from pursuing a claim for contribution for any liability it faces in the instant lawsuit. In response, National Fire argues that it is possible that a jury finds that it is liable for these breaches, but also that the judgment was the result of collusion, as it has asserted in its own claim and affirmative defense. Because collusion is a full defense to the failure to defend, National Fire would then be entitled to seek contribution and/or reimbursement from CICNA and/or Pulte for its liability.

First, the Court notes that collusion is a defense, not a claim in and of itself. *See Andrew v. Century Sur. Co.*, 134 F. Supp. 3d 1249, 1267-68 (D. Nev. 2015). The Court agrees with National Fire that the jury could find that National Fire is liable for said breaches but also find that all or part of the judgment was caused by collusion. However, the Court also agrees with CICNA that in this event, because collusion is a *defense*, National Fire's liability will be *reduced* by the amount of the judgment the jury finds was attributable to any collusion by CICNA and Pulte. Thus, National Fire will not need to seek contribution or reimbursement should it succeed on this defense. Thus, National Fire would not be entitled to seek contribution if it succeeds on its affirmative defense of collusion. Accordingly, the Court finds that summary judgment is appropriate on this issue: National Fire may not seek contribution based on its collusion defense.

1
2

**B. CICNA's Motion to Exclude Evidence Regarding Contribution, or Alternatively, to Bifurcate Trial (ECF No. 162)**

3      As stated above, the Court finds that summary judgment is not appropriate

4  as to National Fire's contribution claim for contribution towards its $267.685.21

5  payment to Pulte. Evidence and argument regarding contribution is obviously

6  relevant to this claim. The Court therefore denies CICNA's motion to exclude

7  evidence regarding contribution.

8      Alternatively, CICNA requests that the Court bifurcate trial, to allow the

9  parties to first try Pulte's claims against National Fire, and then separately try

10  National Fire's contribution claim. Under Federal Rule of Civil Procedure 42(b),

11  the Court may, "[f]or convenience, to avoid prejudice, or to expedite and

12  economize" order a separate trial of separate claims. "Rule 42(b) of the Federal

13  Rules of Civil Procedure confers broad discretion upon the district court to

14  bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings."

15  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Bifurcation

16  can be especially helpful where the resolution of a particular issue could dispose

17  of the remaining claims or defenses." *Alele v. Geico Gen. Ins. Co.*, 420 F. Supp. 3d

18  1124, 1130 (D. Nev. 2019) (citing *Drennen v. Maryland Cas. Co.*, 366 F. Supp. 2d

19  1002, 1007 (D. Nev. 2005)). However, "where the claims involve overlapping

20  discovery and intertwined factual issues, a separate trial would merely spur

21  duplicative litigation and eliminate the convenience that bifurcation intends."

22  *Walker v. Geico Cas. Co.*, No. 2:19-CV-0909-KJD-NJK, 2019 WL 6729315, at *6

23  (D. Nev. Dec. 11, 2019) (citing *Alele*, 420 F. Supp. 3d at 1130).

24      First, CICNA argues that resolution of Pulte's claims against National Fire

25  should dispose of National Fire's contribution claim. However, as discussed

26  above, National Fire's claim against CICNA for reimbursement of the $267.685.21

27  payment remains, as there are factual issues as to whether the payment

28  constitutes consequential damages. Thus, even if Pulte succeeds on its claims

against National Fire, National Fire's claim for contribution against CICNA remains. *See Tracey v. Am. Fam. Mut. Ins. Co.*, No. 2:09-CV-01257-GMN, 2010 WL 3613875, at *6 (D. Nev. Sept. 8, 2010) (the fact that resolution of one claim was not dispositive of other claims cut against bifurcation). CICNA also argues that "removing the contribution claim from the lawsuit would save potentially days of coverage evidence and arguments that have nothing to do with Pulte's claims." (ECF No. 162 at 12.) However, as discussed below, issues of coverage are relevant to several of Pulte's claims, such as National Fire's collusion defense and the reasonableness of its decision not to settle. This presents the possibility that the same evidence and/or witnesses would need to present the same evidence in both trials, which would be inefficient for the Court and parties. *See Alele*, 420 F. Supp. 3d at 1129-30. Finally, CICNA argues that trying the claims together will cause it prejudice because it "will risk that contribution or coverage are conflated with National Fire's own liability to Pulte for damages caused by its failure to defend." (ECF No. 162 at 12.) The Court does not think that this distinction presents such a risk of confusion that bifurcation is necessary. "Any concerns about prejudice or confusion on the jury's part can be properly addressed through jury instructions and counsels' opening statements and closing arguments." *Id.* at 1130; (citing *Tracey*, 2010 WL 3613875, at *7 (potential confusion in hearing contractual and bad faith claims in same trial can be addressed through jury instructions and opening and closing statements)).

## III. Pulte's Motion to Exclude Evidence Regarding Indemnification (ECF No. 163)

Pulte's motion in limine seeks to exclude evidence and argument regarding National Fire's contribution claim against it. The Court notes at the outset that both parties, in their briefing, fail to identify with specificity what precise evidence they are discussing. This makes it difficult for the Court to discern the evidence which various parties seek to deem either relevant or irrelevant. As such, the

Court addresses at a conceptual level certain aspects of the motion but defers on all other decisions regarding the admissibility of evidence until specific evidence is before it.

Pulte argues that now that its claim regarding breach of the duty to indemnify has been voluntarily dismissed (ECF No. 202), National Fire's duty to indemnify Executive Plastering is no longer relevant to any remaining claims.[1] Accordingly, Pulte argues, evidence of National Fire's coverage or indemnification is irrelevant and inadmissible under Federal Rule of Evidence 402. In response, National Fire argues that evidence of coverage/indemnification is still relevant to (1) its collusion defense; (2) its defense that its decision not to settle was reasonable; and (3) its contribution claim.

### A.    Relevance to Duty to Defend

The Court agrees with Pulte that evidence of National Fire's coverage/duty to indemnify Executive Plastering is not relevant to the duty to defend. An insurer's liability to defend is broader than the duty to indemnify and occurs when there is a possibility of coverage under the insurance contract. (ECF No. 131 at 12); *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004). Additionally, the Court already determined in its summary judgment order that National Fire had a duty to defend Executive Plastering. (ECF No. 131 at 10-15.) Thus, whether National fire had a duty to indemnify Executive Plastering is not relevant to Pulte's claim for breach of the duty to defend.

### B.    Relevance to Collusion Defense

National Fire argues that evidence of coverage is relevant to its collusion

---

[1] In its briefing on its prior motion for voluntary dismissal, Pulte urged that it only intends to proceed on the theory of breach of the duty to settle under its claim for breach of the duty of good faith and fair dealing. (ECF No. 175 at 3.) National Fire notes that Pulte's other theories under this claim are for breach of the duty to defend and duty to indemnify. If Pulte does in fact proceed on its theory of breach of the duty to indemnify, evidence of coverage would of course be relevant to that claim.

defense because it shows motive. Specifically, National Fire argues, coverage evidence shows that its policy provided limited coverage for the underlying homes, which Pulte argues motivated the collusion between CICNA and Pulte. The Court finds that evidence of indemnification/coverage is relevant to this defense.

### C.    Relevance to Reasonableness of Decision Not to Settle

National Fire argues that evidence of coverage is relevant to the jury's determination as to whether its refusal to settle was reasonable. The Court's summary judgment order denied Pulte's motion for summary judgment on this claim, finding that there were genuine issues of material fact as to the reasonableness of National Fire's decision not to settle. (ECF No. 131 at 20.) Pulte argues that "An insurer may not consider coverage in determining whether to accept a reasonable settlement offer." (ECF No. 163 at 7.) However, the case law Pulte cites for this proposition is a California Supreme Court decision, *Johansen v. California State Auto. Assn. Inter-Ins. Bureau*, 538 P.2d 744, 748 (Cal. 1975). The Court's prior summary judgment order cited to a Nevada Supreme Court decision which cited favorably to several factors from a Louisiana Court of Appeals decision regarding bad faith failure to settle, including "the extent of damages in excess of policy coverage." *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 327 (2009) (quoting *Fertitta v. Allstate Ins. Co.*, 439 So.2d 531, 533 (La. Ct. App. 1983)). This Court's summary judgment order specifically identified an issue for the jury as to "whether National Fire was reasonable at the time with regards to its belief about the extent of its coverage." (ECF No. 131 at 20.) The Court finds that evidence regarding coverage may be relevant to the reasonableness of National Fire's decision not to settle.

### D.    Questions of Law and Probative Value

Pulte also argues that coverage is a legal issue for the court, not the jury, citing *Arminas Wagner Enters., Inc. v. Ohio Sec. Ins. Co.*, 658 F. Supp. 3d 883,

13

890 (D. Nev. 2023) ("Ultimately, the interpretation of an insurance policy is a question of law for the court."). Pulte explains that while some policy documents can be admitted by stipulation, opinion testimony regarding the meaning of said policies is categorically inadmissible. (ECF No. 163 at 10.) Pulte also argues even if admissible as relevant, the probative value of coverage evidence is outweighed by the risk of confusion and error by the jury as well as undue prejudice. Because Pulte has not provided sufficient specificity as to the evidence it seeks to deem inadmissible via these arguments, the Court will defer ruling on this matter until specific evidence or testimony is presented.

### E.   Relevance to Declaratory Judgment and Contribution Claim

The crux of National Fire's claim against CICNA for declaratory judgment and contribution towards its $267.685.21 payment to Pulte is National Fire's argument that CICNA's insurance was primary and National Fire's own insurance was excess and non-contributory. The Court's summary judgment order held that "since the issue of whether any damage occurred after the CICNA policy went into effect could impact the liability of each insurer, summary judgment is inappropriate." (ECF No. 131 at 23.) Evidence regarding both CICNA's and National Fire's policy coverage is relevant to which policy provided coverage for the damaged homes.

Accordingly, the Court grants in part and denies in part Pulte's motion. The Court finds that evidence of indemnification/coverage is not relevant to Pulte's claim for breach of the duty to defend. However, evidence of indemnification/coverage is relevant to National Fire's collusion defense, its defense that its decision not to settle was reasonable, and its declaratory judgment and contribution claim against CICNA.

### IV.   Conclusion

It is therefore ordered that CICNA's motion to exclude evidence and argument regarding contribution and in the alternative to bifurcate claims for

trial (ECF No. 162) is DENIED.

It is further ordered that Pulte's motion to exclude evidence and argument regarding Defendant National Fire's duty to indemnify (ECF No. 163) is GRANTED IN PART and DENIED IN PART in accordance with this order.

It is further ordered that National Fire's motion for leave to file a sur-reply (ECF No. 180) is GRANTED.

Dated this 21st day of July 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE